UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: 1:21-CV-03126-TOR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PROTECTIVE ORDER |
| RICK T. GRAY and | ) | |
| GRAY FARMS & CATTLE CO. LLC. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |
_____)

## **PROTECTIVE ORDER**

For the reasons stated in the Joint Motion of the parties seeking this Order, it is hereby:

ORDERED, that pursuant to its disclosure obligations under the Federal Rules of Civil Procedure, and Defendants' discovery requests, and with respect to documents and materials that have been assembled for production to Defendants by the United States, the United States shall not withhold such documents from

PROTECTIVE ORDER - 1

inspection by and production to defendants solely on grounds that such documents

and materials contain personal identifiably information (PII) of third parties, business

sensitive materials of third parties, or are subject to the provisions of the Privacy Act,

5 U.S.C. § 552a or Section 1619 of the 2008 Farm Bill (7 U.S.C. § 8791), and the

United States may produce such documents and materials to Defendants.

IT IS FURTHER ORDERED, that the production of documents by Plaintiff to

Defendants shall be subject to the confidentiality provisions set forth below.

IT IS FURTHER ORDERED, that the presentation of any document to

Defendants for review shall not constitute a waiver of work product protection or any

privilege that may apply to such documents, and that providing a copy of a document

to Plaintiff will not constitute a waiver of work product protection or any privilege

that may apply to such document, if Plaintiff thereafter notifies Defendants of a claim

of privilege or work product protection pursuant to Rule 26(b)(5)(B) of the Federal

Rules of Civil Procedure.

IT IS FURTHER ORDERED, that, in the event Plaintiff determines that

disclosure of additional documents or information in its possession that may contain

third party PII, third party business sensitive information, or be subject to the Privacy

Act or or Section 1619 of the 2008 Farm Bill (7 U.S.C. § 8791), but which may assist

in the prosecution of the case, or that a Defendant has requested disclosure of

additional such documents or information to which Plaintiff believes the Defendants

PROTECTIVE ORDER - 2

are entitled, Plaintiff may make such disclosure and the disclosure shall be subject to the confidentiality provisions set forth below.

## **Confidentiality Provisions**

1. Plaintiff may designate to Defendants' counsel information or documents that Plaintiff believes are or may contain third party PII, third party business sensitive information, or be subject to the Privacy Act, or Section 1619 of the 2008 Farm Bill (7 U.S.C. § 8791), or that otherwise contain potentially sensitive information concerning a person or entity other than one of the Defendants in this action, as "Subject to Protective Order." Information or documents so designated, and the information contained in the documents so designated, are hereafter referred to as "protected materials." Defendants may contest such designations to the Court, but otherwise Plaintiff's designations shall be binding for the purpose of this Order.

2. Documents reviewed by Defendants' counsel, Defendants, or any consultant or agent of Defendants' counsel or Defendants, but not selected for copying, are hereby deemed protected materials. Subject to paragraph 13 of this Order, documents selected by Defendants for copying and production shall remain protected materials until Defendants receive copies from Plaintiff, at which time only the copied documents marked by Plaintiff as "Subject to Protective Order" shall be deemed protected materials.

3. Plaintiff may redact from documents produced such personal information as

PROTECTIVE ORDER - 3

Social Security Numbers or bank account numbers, but is not required by this Order to do so.

4.  Defendants' counsel shall maintain the confidentiality of protected materials, except as disclosure is permitted under this Order.

5.  It is anticipated that Plaintiff will make available for Defendants' inspection and review a large volume of documents in response to Defendants' discovery requests to date, and that one or more of the Defendants and an agent or consultant for Defendants or Defendants' counsel will participate in the review of documents. For the purpose of this Order, the disclosure of documents to those persons shall be deemed to be disclosures made to Defendants' counsel and by Defendants' counsel in turn to those persons.

6.  Defendants' counsel may disclose protected materials only to the following persons, and subject to the confidentiality terms stated:

   a. **Paralegals, associates or other persons regularly employed by Defendants' counsel or their law firm, and who are working on this case**. These persons may disclose protected materials only to the extent that Defendants' counsel may disclose them, and subject to the same restrictions. These persons are subject to this Order, and Defendants' counsel shall so inform them of the requirements of this Order, and provide each with a copy of this Order.

PROTECTIVE ORDER - 4

b. **Defendants**. Defendants are subject to this Order. If protected materials are disclosed to a Defendant, Defendants' counsel will inform the Defendant that they are subject to this Order, provide the Defendant a copy of this Order, and maintain a record in counsel's file that they have done so. A Defendant may not disclose protected materials to any other person, except in the course of testimony in this case. At the conclusion of this litigation, such Defendant will return any copy of protected materials in their possession to Defendants' counsel.

c. **Expert Witnesses or other persons specially employed by Defendants' counsel for the purpose of this litigation**. Defendants' counsel may disclose protected materials to a person in this category only upon the person's agreement, in the form of Exhibit 1 hereto, to be bound by the terms of this Order. Except in the course of testifying in this case, persons in this category may disclose protected materials only to Defendants' counsel and the persons in categories 6(a) and 6(b) listed above. At the conclusion of this litigation, any person in this category will deliver to Defendants' counsel all copies of protected materials in their possession.

d. **Any person whom Defendants' counsel intends to call or is contemplating calling as a witness in this matter, and to whom disclosure of protected materials is necessary for Defendants' counsel to prepare the person to testify**. Defendants' counsel may disclose protected

materials to a person in this category only upon the person's agreement, in the form of Exhibit 1 hereto, to be bound by terms of this protective order. Persons in this category may be permitted to review protected materials, to the extent necessary, but will not be given a copy of any protected materials. Persons in this category may not disclose protected materials to any other person except in the course of testifying in this case.

e. **Any person in the course of that person's deposition or trial testimony in this case**. Defendants' counsel may disclose protected materials to any person in the course of that person's testimony in this case, to the extent that the materials are relevant to the examination. Such persons shall not disclose protected materials to any other person except in the course of testifying in this case, and shall be so notified by counsel at the time such material is presented to the witness. No witness shall be provided with copies of any protected material shown to them at their deposition or trial.

f. **Defendant Rick T. Gray's appointed criminal defense attorney.** Defendants' counsel may disclose protected materials to Defendant Rick T. Gray's appointed criminal defense attorney, John B. McEntire, IV. If Defendant Rick T. Gray obtains different or additional criminal defense counsel, this Order shall be modified in writing to include that different or additional criminal defense counsel.

7.  Defendants' counsel, and all such persons to whom they disclosed protected documents and materials, shall not use protected materials for any purpose other than this litigation or advising Defendant Rick T. Gray regarding any potential liability for federal criminal offenses he may have.

8.  Defendants' counsel shall retain in their files in this case copies of each of the agreements in the form of Exhibit 1 that they have secured.

9.  If any deposition transcript, deposition exhibit, or motion or other pleading that reveals protected materials is filed with the Court, absent written agreement of the parties to the contrary, it shall be filed under seal. The Clerk shall accept for filing under seal any documents or filings marked by the parties pursuant to this Order.

10. The Court will consider at a later time, if necessary, the issue of how protected materials will be handled in the course of any hearing or trial.

11. Defendants' counsel shall keep a record of all copies of protected materials that he or persons regularly employed by them or their law firm have distributed. Within 60 calendar days after the conclusion of this litigation, Defendants' counsel shall retrieve all copies of protected materials so distributed and certify to Plaintiff's counsel that all such copies, as well as all copies retained by Defendants' counsel or persons regularly employed by them or their law firm, have been destroyed. The term "the conclusion of this litigation" in this and previous paragraphs means the time at which a final judgment has been entered and all available appeals have been exhausted or the time for them has run.

PROTECTIVE ORDER - 7

12. Nothing in this Order shall prevent any party from seeking modification of this Order.

13. The failure to designate any materials as provided in paragraph 1 above shall not constitute a waiver of Plaintiff's assertion that the materials are covered by this Order.

14. Plaintiff may in writing waive application of this Order in a particular circumstance if it concludes that its application is unnecessary for protection of privacy concerns.

**IT IS SO ORDERED.**

DATED this 29th day of September 2022.



Thomas O. Rice
United States District Court Judge

PROTECTIVE ORDER - 8