UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>     v.<br><br>RICK T. GRAY, and<br>GRAY FARMS & CATTLE CO. LLC,<br><br>                      Defendants. | NO: 1:21-CV-3126-TOR<br><br>ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is the United States' Motion for Summary Judgment on Counts I and II of the Complaint. ECF No. 58. This matter was submitted without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, the United States' Motion for Summary Judgment is **granted**.

## DISCUSSION

### I. Background

The United States alleges violations of the False Claims Act in Counts I and II of its Complaint. ECF No. 1. Specifically, as to Count I the United States

ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 1

alleges that Defendant Rick T. Gray violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) by knowingly presenting and causing to be presented to the USDA false and/or fraudulent claims for payment of reinsurance by the USDA to RCIS for the crop year 2015 indemnity payments made on MPCI Policy #46-951-136889 and MPCI Policy #46-951-989150.  Additionally, the United States alleges that Defendant Gray Farms & Cattle Co. LLC violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) by knowingly presenting and causing to be presented to the USDA false and/or fraudulent claims for payment of reinsurance by the USDA to RCIS for the crop year 2015 indemnity payments made on MPCI Policy #46-951-989150.

As to Count II, the United States alleges that Defendants Rick T. Gray and Gray Farms & Cattle Co. LLC violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(B) by knowingly making, using, or causing to be made or used, false records or statements that were material to false or fraudulent claims for payment to the USDA, and which claims the United States did pay.

The following facts are undisputed, except where noted.  In 2015, both Gray Land & Livestock LLC and Gray Farms & Cattle Co. LLC purchased wheat crop insurance under policy numbers 46-951-989150 and 46-951-136889 respectively. Rick T. Gray signed the paperwork.  Prior to the 2015 harvest, Rick T. Gray did not request a pre-harvest bin measurement on behalf of either Gray Land or Gray

ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 2

Farms.  Previously, Rick T. Gray became fully aware that non-disclosed farm-stored production would be counted as PTC (production to count) which would lower his insurance claim on any claimed losses.  This happened in the early 2010s.  *See* ECF No. 59 at ¶¶ 33-34.  He was repeatedly reminded that he must ask for an inventory prior to harvest to account for any stored crop.

Rick T. Gray submitted claims of loss for both Gray Farms and Gray Land on the 2015 crop insurance policies.  On September 30, 2015 Rick T. Gray signed and attested to the total amount of wheat produced by Gray Land and Gray Farms.  Rick T. Gray disclosed and certified that all of Gray Farms' and Gray Land's wheat for 2015 was sold to Horse Heaven Grain.  As a result, Gray Land received a total indemnity payment of $417,756 and Gray Farms received a total indemnity payment of $101,950.  Rick T. Gray never disclosed any grain in storage at either farm and the inspectors never observed any grain in storage.  Rick T. Gray never asked for preharvest bin inspection and measurement.  Beginning in July 2015 and continuing through November 2015, Rick T. Gray sold 35,378 bushels of wheat in twenty-three transactions to three other granaries – AgriNorthwest in Plymouth, Washington, Mid Columbia Producers in Rufus, Oregon, and Tri-Cities Grain, in Pasco, Washington.  The seller of that wheat was in the name of Rick Gray and Gray Farms & Cattle Co. LLC.  *See* ECF No. 59, Ex. 18, 19, and 20.  Rick was

ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 3

listed as the driver of several of those truck load sales. In total, $214,191.81 was obtained from these sales.

Defendants filed their Response to Plaintiff's Motion for Summary Judgment. ECF No. 72. They also filed a Statement of Disputed Material Facts in Opposition to Plaintiff's Motion for Summary Judgment. ECF No. 74. Those disputes are only supported by Rick T. Gray's Declaration. ECF No. 73. The disputes raised do not address the material facts. For instance, Rick T. Gray claims he signed paperwork as "power of attorney" not personally. However, the places he signed show that he was certifying and attesting to the true facts. He also claims that he never comingled his personal wheat with the LLCs' wheat, but produces no evidence whatsoever of that assertion. In fact, at his deposition he claims the wheat was stored in bins on land farmed by Gray Farms and or Gray Land.

Defendants do not dispute that wheat sold from July to November 2015 was sold in the name of Gray Farms & Cattle Co. LLC. Rick T. Gray claims that the wheat that he sold was his personal wheat produced in the years 2006 to 2012. However, at his deposition he explained that he stored the grain in bins on land farmed by Gray Farms and or Gray Land. Yet, the loss adjuster observed that all of the grain bins were empty when inspected. He does not explain why he sold it in the name of Gray Farms & Cattle Co. LLC nor why he did not just sell it to

ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 4

Horse Heaven Grain rather than truck it to three other distant granaries. He does not claim that he asked for a preharvest inspection of the grain bins so his insurance proceeds would not be diminished by the amount he sold from storage. Defendants provide no documentation or other information about the production or storage of that wheat and why it would be kept for as many as 9-years before selling it. Nor do Defendants contest that wheat was sold in the name of Gray Farms & Cattle Co. LLC.

## II.    Motion for Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 5

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III.    Motion for Partial Summary Judgment, Counts I and II

Defendants raise disputes to the United States' Statement of Material Facts which do not create genuine disputes as to material facts. For instance, Mr. Gray contends that he did not comingle his personal wheat with wheat belonging to Gray Farms or Gray Land. ECF No. 74 at ¶ 32. However, the uncontroverted evidence shows that he sold the subject wheat in the name of Gray Farms & Cattle Co. LLC. Mr. Gray also contends that he signed the documents in his capacity as "power of attorney", yet he was the person making the attestations and certifications by signing his name. Mr. Gray contends the United States has conflated him with the corporate entities, however, he was the one signing on behalf of the corporations. Finally, Mr. Gray contends that he never hid the sales of the 35,378 bushels of

wheat and did not receive secretive payments that were not reported to the adjustors. He contends it was his personal wheat. However, most if not all of the payments were made to "Rick Gray and Gray Farms & Cattle Co. LLC" and sold to distant granaries.

Based on the sworn evidence and undisputed records before the Court, there are no genuine disputes of material fact.

The elements of the False Claims Act are: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1017 (9th Cir. 2018) (quoting *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006)). In this case, Defendants' submission and use of knowingly false and fraudulent claims and statements in support of their insurance claims, and knowing and fraudulent omission of, and failure to disclose, 35,378 bushels of wheat harvested by their farming operations during the loss adjustment process for their federal crop insurance claims, makes them liable under both section 3729(a)(1)(A) and (a)(1)(B). See also *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 187 (2016) ("Because common-law fraud has long encompassed certain misrepresentations by omission, "false or fraudulent claims" include more than just

ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 7

claims containing express falsehoods. The parties and the Government agree that misrepresentations by omission can give rise to liability.").

Here, Defendants' submission of certified, falsified loss claims were false and fraudulent. Additionally, they included the misrepresentation and omission of 35,378 bushels of wheat that was allegedly stored on site. It is undisputed that Rick T. Gray and Gray Farms acted with actual knowledge of the falsity (misrepresentations and omissions) because Rick T. Gray was well aware that any stored grain had to be disclosed and inspected before harvest. Rick T. Gray sold 35,378 bushels of wheat to three other distant granaries in twenty-three transactions in the name of "Rick Gray and Gray Farms & Cattle Co. LLC" without any disclosure. Rick T. Gray's knowledge based on his prior experience shows that he knew of his obligation to disclose stored grain and sales.

The Court concludes, based on the undisputed evidence, that Rick T. Gray and Gray Farms & Cattle Co. LLC are liable under both provisions of the False Claims Act.

A person who violates the False Claims Act "is liable to the United States Government for a civil penalty . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1). Had Gray provided truthful production totals, the total indemnity payout owed to Gray Land and Gray Farms would have decreased by $180,428. ECF No. 59 at ¶

ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 8

54. The government's amount paid to RCIS would have correspondingly decreased by $180,428. *Id*. at ¶ 58. Under the False Claims Act, single damages are subject to mandatory trebling, resulting in a total, treble amount of $541,284. 31 U.S.C. § 3729(a). Thus, based on the blatant fraudulent conduct treble damages are imposed against each Defendant jointly and severally.

Mandatory False Claims Act penalties attach to both false claims alleged: the false and fraudulent claims caused to be submitted by Defendants by RCIS to the USDA for payment of reinsurance on (1) Policy #46-951-136889 for Gray Land; and (2) Policy #46-951-989150 for Gray Farms. As those false claims were submitted prior to November 2, 2015, they are each subject to a minimum penalty of $5,500 and a maximum penalty of $11,000, in the discretion of the Court. *See* 31 U.S.C. § 3729(a)(1); 28 U.S.C. § 2461; 28 C.F.R. § 85.3(a)(9).

The penalty the Court will impose on Count I as to Defendant Rick T. Gray is $11,000 per false claim submitted on two policies, totaling $22,000. Additionally, Rick T. Gray is liable for another $22,000 on Count II for the two Production Worksheets, for a total of $44,000.

The penalty the Court will impose against Gray Farms & Cattle Co. LLC is $11,000 on Count I for the false claim on its policy and another $11,000 on Count II based on the Production Worksheet. In total, Gray Farms penalty is $22,000.

//

ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 9

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion for Summary Judgment on Counts I and II of the Complaint, ECF No. 58, is **GRANTED**.

2. Defendants Rick T. Gray and Gray Farms & Cattle Co. LLC are jointly and severally liable to the United States in the amount $541,284.

3. Defendant Rick T. Gray is additionally liable to the United States in the amount of $44,000.

4. Defendant Gray Farms & Cattle Company LLC is additionally liable to the United States in the amount of $22,000.

The District Court Clerk is directed to enter this Order and provide copies to the parties.

DATED August 21, 2023.



THOMAS O. RICE
United States District Judge