FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICK T. GRAY, and<br>GRAY FARMS & CATTLE CO. LLC,<br><br>Defendants. | NO: 1:21-CV-3126-TOR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |
|---|---|

BEFORE THE COURT is Defendant Rick T. Gray's Motion for Reconsideration. ECF No. 81. This matter was submitted without oral argument. The Court has reviewed the record and files herein, the briefing, and is fully informed. For the reasons discussed below, the Motion for Reconsideration is denied.

**I.    Standard of Review**

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

1262 (9th Cir. 1993).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).  Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").  Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment.  See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

On the other hand, Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order.  An order that resolves fewer than all the

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). While the district court possesses inherent power to reconsider and amend previous interlocutory orders, *Martin*, supra, like other motions to reconsider, this is an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources. Indeed, courts frequently apply the same standard as that applicable to Rule 59(e) motions. See *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3

## II. Defendant's Argument

Defendant contends that he did not commingle his personal production of wheat during the years 2006 through 2012.

Without going through all the facts, the Court found in granting the partial motion for summary judgment, the relevant facts to this motion are as follows.

Prior to the 2015 harvest, Rick T. Gray did not request a pre-harvest bin measurement on behalf of either Gray Land or Gray Farms. Previously, Rick T. Gray became fully aware that non-disclosed farm-stored production would be counted as PTC (production to count) which would lower his insurance claim on any claimed losses. This happened in the early 2010s. *See* ECF No. 59 at ¶¶ 33-34. He was repeatedly reminded that he must ask for an inventory prior to harvest to account for any stored crop.

Rick T. Gray submitted claims of loss for both Gray Farms and Gray Land on the 2015 crop insurance policies. On September 30, 2015 Rick T. Gray signed and attested to the total amount of wheat produced by Gray Land and Gray Farms. Rick T. Gray disclosed and certified that all of Gray Farms' and Gray Land's wheat for 2015 was sold to Horse Heaven Grain.

Rick T. Gray never disclosed any grain in storage at either farm and the inspectors never observed any grain in storage. Rick T. Gray never asked for preharvest bin inspection and measurement. Beginning in July 2015 and

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4

continuing through November 2015, Rick T. Gray sold 35,378 bushels of wheat in twenty-three transactions to three other granaries – AgriNorthwest in Plymouth, Washington, Mid-Columbia Producers in Rufus, Oregon, and Tri-Cities Grain, in Pasco, Washington.  The seller of that wheat was in the name of Rick Gray and Gray Farms & Cattle Co. LLC.  *See* ECF No. 59, Ex. 18, 19, and 20.  Rick was listed as the driver of several of those truck load sales.  In total, $214,191.81 was obtained from these sales.

Rick T. Gray claims that he never comingled his personal wheat with the LLCs' wheat, but produces no evidence whatsoever of that assertion.  In fact, at his deposition he claims the wheat was stored in bins on land farmed by Gray Farms and or Gray Land (farmed stored production).

Defendants do not dispute that wheat sold from July to November 2015 was sold in the name of Gray Farms & Cattle Co. LLC.  However, at his deposition he explained that he stored the grain in bins on land farmed by Gray Farms and or Gray Land.  Yet, the loss adjuster observed that all of the grain bins were empty when inspected.  He does not explain why he sold it in the name of Gray Farms & Cattle Co. LLC nor why he did not just sell it to Horse Heaven Grain rather than truck it to three other distant granaries.  He does not claim that he asked for a preharvest inspection of the grain bins so his insurance proceeds would not be diminished by the amount he sold from storage.  Defendant provided no

ORDER DENYING MOTION FOR RECONSIDERATION ~ 5

1  documentation or other information about the production or storage of that wheat
2  and why it would be kept for as many as 9-years before selling it.  Nor does
3  Defendant contest that the wheat was sold in the name of Gray Farms & Cattle Co.
4  LLC.  It is undisputed that Rick T. Gray and Gray Farms acted with actual
5  knowledge of the falsity (misrepresentations and omissions) because Rick T. Gray
6  was well aware that any stored grain had to be disclosed and inspected before
7  harvest.  Rick T. Gray sold 35,378 bushels of wheat to three other distant granaries
8  in twenty-three transactions in the name of "Rick Gray and Gray Farms & Cattle
9  Co. LLC" without any disclosure.  Rick T. Gray's knowledge based on his prior
10 experience shows that he knew of his obligation to disclose stored grain and sales.

      Based on the sworn evidence and undisputed records before the Court, there are no genuine disputes of material fact.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

      Defendant Rick T. Gray's Motion for Reconsideration, ECF No. 81, is **DENIED**.

      The District Court Executive is directed to enter this Order and provide copies to the parties including Rick T. Gray, P.O. Box 1525, Prosser, WA 99350.

      DATED February 27, 2024.



                    THOMAS O. RICE
                  United States District Judge