UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 1:21-CV-3126-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING SECOND MOTION FOR RECONSIDERATION |
| RICK T. GRAY, and GRAY FARMS & CATTLE CO. LLC, | |
| Defendants. | |

BEFORE THE COURT is Defendant Rick T. Gray's Second Motion for Reconsideration.  ECF No. 111.  This matter was submitted without oral argument.  The Court has reviewed the record and files herein, the briefing, and is fully informed.  For the reasons discussed below, the Second Motion for Reconsideration is **DENIED**.

I. **Procedural History**

The United States filed its complaint against Defendants on September 28, 2021 alleging violations under the False Claims Act, 31 U.S.C. §§ 3729-3733, the Financial Institutions Reform and Recovery Enforcement Act ("FIRREA") 12

ORDER DENYING SECOND MOTION FOR RECONSIDERATION ~ 1

U.S.C. § 1833a, and common law claims of unjust enrichment and payment by mistake. ECF No. 1. This Court granted partial summary judgment in favor of Plaintiff as to the first two Counts in the complaint on August 21, 2023. ECF No. 78. Defendants filed a Motion for Reconsideration (ECF No. 81) on September 18, 2023. After Plaintiff responded to the motion, Defendants requested an extension of time to reply, which the Court granted, due to Defendants' counsel, Kirk D. Miller, being admitted to the hospital for some health issues. ECF Nos. 86. The Court subsequently granted two more requests for extension of time. ECF Nos. 91, 96. The last extension set the motion hearing on the Motion for Reconsideration for February 27, 2024.

    Kirk D. Miller, Defendant's counsel, died on December 29, 2024, and J. Scott Miller made a limited appearance on behalf of all Defendants on January 16, 2024. ECF No. 97. No reply or further request for an extension of time was submitted to the Court, and on February 27, 2024 the Court denied Defendants' Motion for Reconsideration (ECF No. 100). On February 29, 2024, J. Scott Miller's limited appearance was terminated and Defendants were left without representation. ECF No. 101. On April 1, 2024, attorney Milton George Rowland made a notice of appearance on behalf of Defendant Rick T. Gray. Defendant now brings a second motion for reconsideration requesting leave to file a late reply brief

ORDER DENYING SECOND MOTION FOR RECONSIDERATION ~ 2

to the Motion for Reconsideration (ECF No. 81) or in the alternative, requests the Court vacate its summary judgment order (ECF No. 78).

## II.    Discussion

Defendant, Rick T. Gray, requests the Court accept his late reply brief and reconsider his Motion for Reconsideration or in the alternative vacate its summary judgment order.  ECF No. 111.

Defendant explains that he was led to believe by replacement counsel, J. Scott Miller, that the deadline to file his reply brief had been extended from February 27, 2024 to mid-March 2024 when in actuality no formal order had done so.  Defendant now requests that in considerations of fairness and equity the Court should accept the late reply brief due to this misrepresentation.  *Id.* at 3.  Defendant explains this motion comes so late due to health issues of his counsel after the Court's order denying Defendant's motion for reconsideration and Defendant's inability to obtain allegedly exculpatory evidence from Plaintiff that would properly allow him to defend himself.  *Id.* at 3-4, ECF No. 113.

A party that seeks an extension of time to file a brief after the deadline has expired must make a showing of "good cause" and "excusable neglect." Fed. R. Civ. P. 6(b).  "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its

potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

The Court finds Defendant's failure to timely file its reply brief did not constitute "excusable neglect." Defendant's motion comes nearly a year after his reply was due and the Court's order filed. Further, after the Court denied the motion for reconsideration, the parties stipulated to dismissing Counts III, IV, and V from the complaint with prejudice against Defendants based on the Court granting summary judgment as to Counts I and II and its denial of reconsideration. ECF No. 107. Accepting Defendant's reply brief now is not only an unreasonable length of delay but will surely be prejudicial to Plaintiff. Defendant's explanation that the reply brief was never filed due to his former counsel misrepresenting the deadline may have been an adequate reason supporting excusable neglect if it had been made within a reasonable time after the order was entered, but a delay of nearly eleven months is not.

Defendant's counsel also explains he has been suffering from an assortment of health issues since the start of his representation of Defendant in February 2024 that made it "simply impossible" for him to put together the necessary paperwork and conduct the research needed for the case until now. ECF No. 113. While the Court understands that medical issues may arise that hinder an advocates ability to

ORDER DENYING SECOND MOTION FOR RECONSIDERATION ~ 4

provide the best possible representation of a client, and the Court is sympathetic to counsel's physical ailments, he made no attempt to communicate with the Court about his limitations until now.  A review of the record from the last eleven months reveals no communication or indication regarding counsel's medical issues.  Further, he states in his declaration that after a health crisis in April 2024 had passed, he had no reason to believe he could not draft the necessary documents in the following weeks (ECF No. 113 at 3); yet this motion was not submitted to the Court until January 21, 2025.  Counsel does not explain the reason for the nine month gap after his improvement in April.  Finally, counsel concedes he could have withdrawn as counsel in early March 2024 after a number of physical maladies overtook him but was concerned Plaintiff would present a judgment at any time after the Court's denial for reconsideration. *Id.* at 2.  Again, counsel could have communicated this concern with the Court or Plaintiff's counsel to request a delay in any such filings while he or Defendant located new counsel.  Counsel's sit and wait approach illustrates a lack of reasonable diligence and carelessness.

      Defendant's counsel finally explains the delay was also due to his attempt to obtain allegedly exculpatory paperwork related to the audits of Defendant's fields.  ECF No. 113 at 4.  He argues these documents should have been produced in early discovery but were subpoenaed and removed by United States Marshals from

ORDER DENYING SECOND MOTION FOR RECONSIDERATION ~ 5

1  available discovery.  *Id.* at 5.  Discovery closed in this case May 31, 2023 (ECF

2  No. 49), and Defendant never moved to amend the scheduling order to reopen it or

3  make any sort of motion with the Court regarding the documents that have been

4  around since 2015.  *Id.*

5       As for the final factor, the Court does not see any evidence that indicates

6  Defendant acted in bad faith in the belated filing, even if negligent.  However, in

7  weighing all four factors the Court concludes Defendant has not presented

8  sufficient facts that constitute "excusable neglect" in filing his late reply.

9  Therefore, the Court will not consider it, and the order denying reconsideration

10 (ECF No. 100) stands.

11      <u>Rule 60(b)</u>

12      Defendant makes an alternative argument that if the Court will not consider

13 his late reply brief, it should still vacate the summary judgment order (ECF No. 78)

14 pursuant to Federal Rule of Civil Procedure 60(b) due to intervening material

15 changes in law, procedural irregularities, and the extraordinary consequences

16 Defendant will suffer otherwise.

17      As for the intervening change in controlling law, Defendant points to *United*

18 *States ex re. Schutte v. SuperValu Inc.*, 598 U.S. 739 (2023).  But *Supervalue* was

19 decided June 1, 2023, more than two months before the Court's order on summary

20

ORDER DENYING SECOND MOTION FOR RECONSIDERATION ~ 6

judgment and nine months before the order on Defendant's motion for reconsideration. Thus, it is not intervening law and the Court will not consider it.

Defendant next argues the Court improperly weighed evidence in deciding the summary judgment motion in favor of Plaintiff. ECF No. 111 at 10. This argument goes to the merits of the judgment which is not permitted under Rule 60(b). As Plaintiff argues, and the Court agrees, "Rule 60(b) is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers [before judgment], or as a substitute for appeal.'" *United States v. 2002 Pontiac Bonneville SE*, 2015 WL 8331144, *6 (D.N.M. Dec. 7, 2015) (quoting *Davis v. Simmons*, 165 F. App'x 687, 690 (10th Cir. 2006)). The Court has already denied Defendant's request to reconsider the summary judgment order on the merits (ECF No. 100).

Defendant concludes that for these reasons, including his prior arguments, and the fact that Defendant will suffer significant financial and reputational consequences, extraordinary circumstances justify relief under Rule 60(b)(6). ECF No. 111 at 11. The Court disagrees and concludes for the reasons discussed that relief under Rule 60(b) is not warranted or proper. Defendant will have an opportunity to appeal any final judgment that is entered in this case.

//

//

ORDER DENYING SECOND MOTION FOR RECONSIDERATION ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Rick T. Gray's Second Motion for Reconsideration, ECF No. 111, is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED February 21, 2025.

THOMAS O. RICE
United States District Judge

ORDER DENYING SECOND MOTION FOR RECONSIDERATION ~ 8